JAMES REDMOND, Plaintiff, *v.* B. F. KEITH CORPORATION and LEE KOKEN, an Employee of the Corporation, Defendants.

Supreme Court, Trial Term, New York County, April 20, 1938.

*Schafran & Rollins* [*Irving L. Rollins* of counsel], for the plaintiff.

*Barry & Sheller* [*Desmond T. Barry* of counsel], for the defendant B. F. Keith Corporation.

*Harry M. Pimstein*, for the defendant Lee Koken.

CHURCH, J.   This is a motion to set aside the verdict of the jury and for a new trial.   The action is to recover damages for an alleged unlawful and unprovoked assault by the defendant Koken while acting within the scope of his employment by the defendant B. F. Keith Corporation, as assistant manager of its R. K. O. Hamilton Theatre.   The case was submitted to the jury on the afternoon of April 6, 1938, at about three-twenty-five o'clock.   The jury retired and was deliberating without having reached a verdict until approximately five o'clock, at which time a sealed verdict was directed, returnable at the opening of court on April 7, 1938.   When court resumed at ten o'clock in the morning of April 7, 1938, the sealed verdict was opened.   It contained a verdict by ten of the jurors in favor of the plaintiff " to the amount of $5,000 to be (*sic*) by defendant B. F. Keith Corp."   The jury was thereupon instructed that under the charge of the court a verdict against the corporate defendant could not be found unless a verdict was also found against the personal defendant and was directed to return to the jury room to make a further consideration of the case.   The jury thereupon deliberated for approximately five hours and subsequently returned to the court room.   The foreman announced that the jury had agreed upon a verdict and stated, " We find a verdict for the defendant."   Upon being interrogated by the court as to whether the verdict was for both defendants, the foreman repeated: " For the defendant," and upon again being asked if the verdict was

for both defendants some of the jurors announced that " it was not mentioned for both." Plaintiff's attorney asked that the jury be polled and in response to a question put to the jury by the clerk some of the jurors answered that their verdict was " yes, for both defendants." The clerk thereupon polled the jury and ten jurors answered in the affirmative to the question whether a verdict for both defendants was their verdict.

During the five hours which elapsed following the reading of the sealed verdict and during which time the jury was deliberating the jury asked for no part of the testimony or of the charge to be read to them, although in the interim the jury did send notes successively as follows: 1. " Jury reports that they cannot agree to no other verdict but the one as rendered." 2. " The jury remains hopelessly deadlocked and it is useless to attempt further discussion."

The sealed verdict indicates that ten jurors resolved the main issues presented in this case in favor of the plaintiff and against the defendant B. F. Keith Corporation. Under the charge and the instructions of the court, the jury was directed that the corporate defendant could be liable in damages only in the event that the jury was satisfied that an unprovoked assault on the plaintiff was committed by the defendant Koken in the course of his employment. It is thus apparent that influenced by considerations outside the evidence in the case and the law applicable thereto, as stated in the instructions by the court, the jury has reached the decision which has now been recorded as its verdict. To allow such a verdict to stand would work an obvious injustice in this case in view of the events which transpired in connection with the rendition of the sealed verdict and the result returned by the jury after it had been sent back to deliberate and correct the obvious inconsistency in the sealed verdict.

Plaintiff's motion, on which decision was reserved, to set aside the verdict and for a new trial, is accordingly granted. The motions by the respective defendants at the end of the plaintiff's case and at the end of the entire case, on which decision was reserved, are denied. Appropriate exceptions are granted. Submit on notice order fixing date for restoration of case to the calendar for a new trial.